IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENRY T. SANDERS<br>        Plaintiff,<br>  v.<br><br>STATE OF MARYLAND<br>TREASURER OF MARYLAND<br>        Defendants. | *<br><br>*  CIVIL ACTION NO. PJM-09-3036<br><br>*<br><br>*<br>*** |

**<u>MEMORANDUM OPINION</u>**

The instant case was received for filing on November 13, 2009. Henry T. Sanders, a resident of Hyattsville, Maryland and frequent filer in this Court in the 1990s, filed this pro se action. He seemingly complains that state officials have failed to comply with federal and state statutes with regard to an administrative case filed in state court in May of 1996. He references the case of *Sanders v. State of Maryland*, Civil Action No. PJM-97-1691 (D. Md.), a *pro se* complaint filed in May of 1997, dismissed without prejudice the following month, and dismissed on appeal in June of 1998. This Complaint is not a model of clarity. Sanders appears to claim that state officials refused to answer his papers and did not comply with court subpoenas or the "privacy release form" of a Maryland Congresswoman.[1]

Accompanying the Complaint is Sanders's "Affidavit in Support of Memorandum…" which contains rambling, run-on motion for emergency relief, temporary restraining order, evidentiary hearing, "administrator oath," summons and subpoena, supersedeas bond, FOIA and MPIA inspection of records, admissions, and depositions. Paper No. 2.

---

[1] Attached to the Complaint is a Privacy Release Form signed by Sanders which authorized federal agencies to release information concerning Sanders to Congresswoman Donna Edwards.

Because he appears indigent, Sanders's Motion for Leave to Proceed *In Forma Pauperis* shall be granted. The Complaint shall, however, be dismissed and Sanders's omnibus Motion shall be denied.

While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct. " Fed. R. Civ. P. 8(e)(1). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).

Even when affording the *pro se* Complaint a generous construction, the Court finds that Sanders's statements are incomprehensible.[2] Further, Sanders seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1331. The undersigned finds, however, that Sanders has failed to

---

[2] It may be Sander's intention to re-litigate the claims raised in *Sanders v. State of Maryland*, Civil Action No. PJM-97-1691. Undoubtedly, such allegations, raised over twelve years later, would be time-barred.

present a factual or legal basis for invoking a district court's federal question jurisdiction. The Complaint shall therefore be summarily dismissed. A separate Order follows.

November 18, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE